UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x    Civil Case Number:
MARVELINE GONZALEZ,

                      Plaintiff,                COMPLAINT AND
-against-                                                     DEMAND FOR JURY TRIAL

UNITED STATES OF AMERICA,

                      Defendant.
----------------------------------------------------------x

Plaintiff, MARVELINE GONZALEZ ("Gonzalez "), by and through her counsel, SACCO & FILLAS, LLP, as for her complaint against the defendant, UNITED STATES OF AMERICA ("defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action for personal injuries and medical bills for injuries sustained by Gonzalez when she was injured while lawfully walking on the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York. This roadway is controlled, operated, owned, was a lessor, was a lessee, maintained, designed, constructed, managed, utilized, secured, inspected and/or accessed by the defendant. The defendant has a special use of this roadway. The injuries occurred when Gonzalez was caused to trip and be precipitated to the ground due to a defective, dangerous, dilapidated, worn and hazardous condition on said roadway.

2. Consequently, the plaintiff was caused to suffer personal injuries and resulting medical bills from treatment which are believed to be permanent in nature and involve but are not limited to her cervical spine, lumbar spine, right shoulder, left hand/fingers, right knee and left ankle.

## PARTIES

3. Plaintiff, Gonzalez resides at 595 E. 167th Street, Apt 3F, Bronx, New York 10456.

4. At all times noted herein the defendant maintained a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

5. At all times noted herein the defendant operated a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

6. At all times noted herein the defendant managed a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

7. At all times noted herein the defendant owned a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

8. At all times noted herein the defendant was an owner of a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

9. At all times noted herein the defendant utilized a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

10. At all times noted herein the defendant controlled a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

11. At all times noted herein the defendant inspected a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

12. At all times noted herein the defendant accessed a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

13. At all times noted herein the defendant secured a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

14. At all times noted herein the defendant had a special use of a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

15. At all times noted herein the defendant designed a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

16. At all times noted herein the defendant was a lessee a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

17. At all times noted herein the defendant was a lessor a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

18. At all times noted herein the defendant constructed a roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

## JURISDICTION

19. Defendant at all times herein mentioned owns the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

20. Defendant at all times herein mentioned was an owner of the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346

21. Defendant at all times herein mentioned operates the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

22. Defendant at all times herein mentioned maintains the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York,

City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

23. Defendant at all times herein mentioned manages the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

24. Defendant at all times herein mentioned controls the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

25. Defendant at all times herein mentioned accessed the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

26. Defendant at all times herein mentioned had a special use of the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

27. Defendant at all times herein mentioned designed the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

28. Defendant at all times herein mentioned constructed the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

29. Defendant at all times herein mentioned inspected the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

30. Defendant at all times herein mentioned secured the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

31. Defendant at all times herein mentioned utilized the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

32. Defendant at all times herein mentioned was a lessor of the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

33. Defendant at all times herein mentioned was a lessee of the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of

New York, City and State of New York under the Constitution and laws of the United States of America pursuant to title 28 U.S.C.A. § 1346.

34. This action arises under Title 28, United States Code, Section 2674 and 2679. This Court has jurisdiction pursuant to 39 U.S.C.A § 409.

35. Venue is proper in this Court because the underlying incident occurred within this district and the defendant is located in this district.

36. Plaintiff having served an appropriate tort claim form SF-95 upon defendant and acknowledgment of receipt having been served on March 9, 2022. Subsequently, the defendant issued a denial letter on April 28, 2022. Due to this action having not been resolved at the present time, this Court now maintains jurisdiction of this action. A copy of the appropriate tort claim form SF-95 and said response are annexed as **Exhibit "A"**.

## BACKGROUND

37. That on or about August 12, 2021, at approximately 12:30 p.m. Gonzalez was walking on the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

38. That on or about August 12, 2021, while Gonzalez was lawfully walking upon said roadway, she was caused to be forcefully precipitated to the ground due to a defective, dangerous, dilapidated, worn and hazardous condition on said roadway.

39. That on or about August 12, 2021, the defective, dangerous, dilapidated, worn and hazardous condition consisted of a broken, obstructed, cracked, uneven, raised, dilapidated, depressed, missing, pitted, separated, deteriorated and raised roadway.

40. That as a result of said defective, dangerous, dilapidated, worn and hazardous condition, Gonzalez fell and sustained severe personal injury.

41. That under NYC Administrative Code 7-210 a commercial property owner is legally responsible for the upkeep, maintenance, and control of the roadway.

42. That the defendant was the owner of the roadway.

43. That the defendant was an owner of the roadway.

## CAUSE OF ACTION

44. Gonzalez repeats and re-alleges each and every allegation contained in paragraphs 1-43, as if set forth more fully herein.

45. At all times herein mentioned, it was the duty of the defendant, defendant's servants, agents, representatives and/or employees to maintain the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York, in a reasonably safe and suitable condition and in good repair.

46. Solely as a result of the defendant's negligence, carelessness and recklessness, Gonzalez was caused to suffer severe and serious personal injuries to mind and body, and further, that Gonzalez was subjected to great physical pain and mental anguish.

47. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of Gonzalez.

48. Written notice of the said defective, dangerous, dilapidated, worn and hazardous condition was actually given to the person or department authorized to receive

such written notice, more than fifteen (15) days prior to this accident, and pursuant to and within the meaning of the law requiring the giving of such notice, and there was a failure and neglect after the giving of such notice, after the fifteen (15) days had elapsed, to repair or remove the said defective, dangerous, dilapidated, worn and hazardous condition.

49. Written notice of the said defective, dangerous, dilapidated, worn and hazardous condition was actually given to the defendant, or to an agency authorized to receive such written notice on behalf of said defendant, by reason of previous accident or accidents resulting in injury to person or property as a result of the existence of said defective, dangerous, dilapidated, worn and hazardous condition, with written notice thereof, and there was a failure and neglect after the giving of such notice to repair or remove the said defective, dangerous, dilapidated, worn and hazardous condition.

50. The defendant caused and created said defective, dangerous, dilapidated, worn and hazardous condition.

51. The defendant contracted and/or subcontracted with individuals and/or entities who/that caused and created said defective, dangerous, dilapidated, worn and hazardous condition.

52. The defective, dangerous, dilapidated, worn and hazardous condition existed for a period of time where defendant was on constructive notice of said defective condition, and there was a failure and neglect after said period of time to repair or remove said defective, dangerous, dilapidated, worn and hazardous condition.

53. By reason of the foregoing, Gonzalez was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional

upset, some of which injuries are believed to be permanent in nature and duration, and Gonzalez will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Gonzalez incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Gonzalez will be unable to pursue Gonzalez's usual duties with the same degree of efficiency as prior to this accident, all to Gonzalez's great damage.

54. The defendant, its employees, agents, representatives and/or servants violated NYC Administrative Code 7-210 by failing to properly maintain, construct, inspect, design, manage, control, and /or repair the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

55. The defendant, its employees, agents, representatives and/or servants violated its duty to the public to provide safe and unobstructed roadway in good repair by failing to properly maintain, construct, inspect, design, manage, control, and /or repair the roadway located at or near Duane Street between Broadway and Lafayette Street in the County of New York, City and State of New York.

### JURY DEMAND

The plaintiff seeks this matter be tried before a jury.

**WHEREFORE,** plaintiff demands judgment against the defendant in the above Causes of Action in the sum of ONE MILLION DOLLARS ($1,000,000.00) to date and

continuing, altogether with the costs and disbursements of this action, and with interest from the date of the accident.

Dated: Astoria, New York
       October 19, 2022

                                   Yours, etc.,
                                   **SACCO & FILLAS, LLP**

                                   Albert R. Matuza, Jr., Esq. (AM3939)
                                   Attorneys for Plaintiff
                                   31-19 Newtown Avenue
                                   Seventh Floor
                                   Astoria NY 11102
                                   (718) 746-3440
                                   File No.: 26564-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ Civil Case Number:

MARVELINE GONZALEZ,

                         Plaintiff,                **ATTORNEY'S**
-against-                                             **VERIFICATION**

UNITED STATES OF AMERICA,

                        Defendants.

_____

    Albert R. Matuza, Jr., an attorney duly admitted to practice law in the United States District Court, Southern District of New York, State of New York, makes the following affirmation under the penalty of perjury:

    I am an associate of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

    I have read the foregoing **Complaint** and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence tis office had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
       October 19, 2022

                                                    Albert R. Matuza, Jr. (AM3939)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK     Civil Case Number:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MARVELINE GONZALEZ,

                          Plaintiff,

-against-

UNITED STATES OF AMERICA,

                          Defendant.

-----------------------------------------

## VERIFIED COMPLAINT, DEMAND FOR JURY TRIAL & CIVIL COVER SHEET

-----------------------------------------

                          **SACCO & FILLAS, LLP**

                          Albert R. Matuza, Jr., Esq. (AM3939)
                          Attorneys for Plaintiff
                          31-19 Newtown Avenue
                          Seventh Floor
                          Astoria NY 11102
                          (718) 746-3440
                          File No.: 26564-21